Good morning. We are going to move now to our fifth case of the day. This is case number 20-2051, United States v. Timothy B. Fredrickson. We're going to begin with oral argument, Mr. Bell, from you. Thank you, Your Honor. May it please the court. As you've mentioned, my name is Murray Bell. I have the privilege of representing Mr. Fredrickson in this matter. This case is about how far the government gets to reach into relationship between two people and control what takes place in that relationship. This is not at all unlike Griswold v. Connecticut. Only difference is that that was a privacy case and this is a free speech case. But it's about the government intruding into the sexual behavior of persons. Now, in this case, Mr. Fredrickson resided in Danville. Well, you need to, Mr. Bell, you got to include one additional fact. Yes. That one of those persons was 16. You are correct. And a minor under federal law, notwithstanding how any state may choose to define a minor. So with those adjusted facts, go ahead. Okay. Thank you. I agree that this complaining witness, I'll call her, was 16 years of age. But the other side of that coin is Mr. Fredrickson could have gone to her house, walked in her bedroom and watched her in person and there would be no crime committed. Are you sure about that? Yes, I'm pretty confident of that. Take a look at 18 U.S.C. 2423 B. Okay. I am not in a position to do that immediately. I can tell you about it. Thank you. I don't know that you'll like what it says. 2423 B. Oh, I bet that's just cross state lines to engage in sex acts. Yeah, you bet. But is watching her engage in a sex act, him engaging in a sex act. Engaging in illicit sexual contact. And in your brief, you argued that your client could have engaged in sexual relations with the 16 year old girl. With her in Iowa. Because Iowa law doesn't forbid it. So if he travels from Iowa to Illinois to engage in a sex act with a child, he commits a federal felony and could spend an awfully long time in jail. You agree with that? He's spending an awful long time in jail as it is. But the issue is, is masturbation prohibited sex act? This is all about her masturbating. This is not about him doing anything to her. Could he have been charged under federal law in your view with the possession of child pornography? If the video if, well, the video is on his phone, but suppose he put it on his laptop. Could he have been charged under federal law? Focus on federal law. With the possession of child pornography. Our position is that child pornography is only pornography. Mr. Bell, why don't you focus on the question that I'm asking you for a second, and then I'll hear your position. Could he have been charged under federal law? Now, you may argue the statute's unconstitutional. Could he have been charged with the possession of child pornography? If the recording engaged, if the recording included images of child pornography, he could have been found guilty. Why are we evading the question? I just said, I just answered the question. He could have been found guilty. No, you didn't. No, with all respect, you didn't. What you said is if the images contained child pornography. Do you want to review the definition? Our position is it's not child pornography because the case law says if you go from Farber, New York versus Farber to Ashcroft versus free speech to U.S. v. Stevens. You find out that there is case law that says the underlying activity has to be a crime. Masturbation is not a crime. Mr. Bell, if it is, we're all in trouble. Mr. Bell, if do we have to do we have to accept your argument that the videos in this case don't constitute child pornography in order to find the statute at issue unconstitutional? I think we do. I think I think that's correct. Yeah, I think that's correct. But the statute defines child pornography and it uses the term minor and it uses the term masturbation, I believe, right? There's no doubt about that. I don't have off the top of my head. There's zero doubt about that. I think it's 2256. It contains the definitions. And I think you've got a problem. I think you've got a problem here with United States versus Williams that I think was just cited in passing that, you know, you just cited in passing. But I think that case we could we should and we have to conclude from that case that the videos at issue constitute child pornography. And if they do, then I don't think we can find the statute unconstitutional or unconstitutional over broad. And it is the way you framed the argument. Despite right, we framed it despite your position that your client received 200 months in jail for conduct that he could have engaged in had they both been residents of Iowa. That's your that's your argument, right? If he if he was your next door neighbor, he could have done exactly what he did as long as he didn't film it. And it would not have been a crime. He could actually had intercourse with her and it would have been a crime. In Iowa, that's correct. In Illinois, he could have watched her but not touched her and he would not have committed a crime. But in Illinois, he couldn't have touched her. They can't. There's no that the age of 16, an adult can engage in any kind of sex act with somebody at the age of 60. And in the state of Iowa, the age of 16 is the age of consent. But what do we do here with the statutory definition of child pornography, which seems to include the conduct that your client engaged in? Well, if it includes. How do we how do we get around that? How do we get around that and find the statute unconstitutionally broad? Yeah, you may have me on that. There's one way, but it's foreclosed. And that is to invite us to declare the statute unconstitutional. Give me a second to think about that. I'm not I've already gone into my overtime, but I want to think about that. Would you like to reserve the rest of your time? Yeah, if that's the point the court will allow, I will concede the floor to Miss Matthew and I will save the last two minutes. Very good. We'll do so. We'll now move to counsel for the government. Miss Matthew. Good morning, Your Honors. May it please the court. My name is Jennifer Matthew and I represent the United States of America. Your Honors honed into the key issue here, and it's whether or not the images at hand constituted child pornography. Definition of child pornography is clear. The definition of the offense that this defendant was convicted of is very clear. Specifically, child pornography, as defined by the statute, includes the conduct that is at issue here, which is sexually explicit conduct. If you turn in the statute to the definition of sexually explicit conduct, one of the actions contemplated by the statute is masturbation. Miss Matthew, you're walking us through what we articulated when Mr. Bell was arguing. And I think it's clear. I got a couple of questions for you, if you don't mind. Sure, Your Honor. Why did this case go to trial? Your Honor, that is a question I think that can only be answered by the defendant. The defendant is entitled to a trial. When he indicated he wished to proceed to trial, the government prepared accordingly and a trial was had. What was his defense at trial? Your Honor, I believe at trial the issue was a reasonable doubt argument would be the primary defense that was advanced. How long did the jury deliberate? I believe it was under 30 minutes, Your Honor. Was the sentence here of 200 months a guideline sentence? It was. Was it at the low end or the high end of the guideline range, or in the middle, do you remember? I don't recall, Your Honor. I believe, if I remember, there were some objections that were argued in advance of the court-imposing sentence, and one of them was the computer enhancement. I believe it was a below-guideline sentence, Your Honor. Did the defendant get credit for acceptance or responsibility? No, Your Honor. I don't know. I can't. I'll tell you why I'm asking my question. I couldn't figure out for the life of me on this fact pattern why he goes to trial as opposed to pleading guilty and reserving his argument that all of these statutes are unconstitutional. I don't understand that. Your Honor, I'm not sure that I have an answer that will satisfy the court as to that issue. You may continue, Ms. Matthew. Thank you. As I was indicating, Your Honors, the statute is very clear here what the definition of child pornography is, and I think that that's the thrust of the defendant's argument in its briefs is that this is not child pornography. However, it's very clear from the statute that this is easily defined as child pornography. It's not vague. It's not subject to interpretation. Masturbation is clearly delineated. In our briefing, Your Honor, we compared the 2252, which is prohibiting the pandering statute, and I think the court pointed out the Williams case in defense counsel's argument. And that case is, I think, really on point here because it looks at a very materially similar statute, a statute that contains largely the same features, the scienter requirement. Additionally, the verbs that are required in order for an individual to be found guilty, and it talks about the penalizing of speech or speech that accompanies or attempts to seek the transfer of child pornography. So I think that that Williams case is extremely on point in this court's contemplation of whether or not defendant did, if this statute does pass constitutional muster. If the court doesn't have any additional arguments in regard, or excuse me, doesn't have any additional questions, we would rest on our brief. The statute does pass constitutional muster. The issue at hand does constitute child pornography. And for those reasons, we would ask this court affirm the lower court's decision in denying that motion and affirm the jury's verdict in this case. Thank you, Miss Matthew. Mr. Bell, we'll go back to you now for rebuttal argument. Thank you very much, Your Honor. Judge Schatter, I'd like to address the question that you asked me about constitutionality. I am taking the position that Mr. Fredrickson could have gone before her at her bedroom and watched her and no crime would have been committed. Mr. Bell, you've been clear about that, and I'll compliment you for that. You've been crystal clear that that's your position. Your clients dealt you a hard hand here, I think you know. I'm aware. I was at the trial. I know. And I had a difficult client. But the thing is, her engaging in masturbation is not a crime. And recording something that's not a crime, underlying crime, is not child pornography, is our position. And just because it's recorded doesn't turn it into a crime. It's still not a crime. Distributing something, maybe. I don't have the answer on that. Mr. Bell, you're being very clear, and I commend you for that. The difficulty that Mr. Fredrickson has created for you is that the moment that he possesses what he recorded under federal law, he is in possession of child pornography. That's true, but that's not the charge. No, no, no. I know. I know. But that's why this argument that, you know, look, he doesn't have a lot to work with, and you're doing the best you can. It is just very, very difficult to maintain that position, given where the law is at right now. Well, that is our position, and I appreciate you acknowledging the problem. But our position is it's not illegal, and the case law suggests that the underlying activity needs to be illegal. That's what you get from, not from Farber, but you get it from Stevens, you get it from Free Speech Coalition. I'm done. Thank you very much, Your Honors. Thank you, Mr. Bell. Thank you, Ms. Matthew. The case will be taken under revision.